[No. 3837.   Decided June 24, 1901.]

WILLIAM A. VAN DUSEN, *Appellant*, v. DANIEL KELLEHER, *as Executor, et al., Respondents.*

MORTGAGE FORECLOSURE — EVIDENCE ADMISSIBLE UNDER ISSUES.

Where the only question in issue is the right of plaintiff to foreclose a mortgage against a decedent's estate, plaintiff cannot predicate error on the ground of the court's refusal to admit in evidence a letter from the executor, showing presentation and allowance of plaintiff's claim; nor upon the refusal to admit in evidence the order directing notice to creditors; nor upon the refusal to admit the last will and testament of deceased, as tending to show that the lands mentioned in the will were charged with the payment of plaintiff's claim.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.   Affirmed.

*E. F. Harshman, J. D. Jones* and *Gray & Perkins,* for appellant.

*Bausman & Kelleher,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The present action was commenced in May, 1896, to foreclose a mortgage given by one Michael McCauley to the plaintiff (appellant); McCauley, in his will, having appointed Daniel Kelleher executor of his estate. This complaint was a simple complaint in foreclosure, no claim being made for personal judgment. In the year 1897 an amended complaint was filed, setting up two causes of action; the first being the cause of action set forth in the original complaint, which did not allege presentation of the claim to the executor, and which did not ask for a deficiency judgment. The second cause of action set up in the amended complaint was the allegation of a lien, for the unpaid balance of the mortgage, on certain lands, by virtue of the will of the deceased. A demurrer to this second cause of action was sustained by the superior court, and said cause was dismissed from the complaint. From this judgment dismissing the second cause of action an appeal was taken to this court, and the appeal was dismissed for the reason that the requirements of the law in relation to appeals had not been complied with by the appellant. See *Van Dusen v. Kelleher,* 20 Wash. 716 (56 Pac. 35). Thereafter the plaintiff asked to file a second amended complaint, which virtually consolidated the two causes of action into one. Leave to file this amended complaint was also refused by the court. Thereafter, in 1899, an attempt was made to file a third amended complaint, and this was also rejected by the court. In May, 1900, the case was brought on for hearing, and a trial was had upon the issues stated in the first cause of action, and the only issue stated in that cause of action was the amount due on the mortgage and the right of foreclosure. It is stated by the court in the commencement of the findings of facts that the cause

came on for trial upon the first cause of action set forth in the amended complaint. The court rendered its judgment in favor of plaintiff, decreeing a foreclosure for the amount claimed to be due in the first cause of action. From that judgment this appeal was taken.

The appellant assigns six errors. The first is that the court refused to admit in evidence a letter, marked "Exhibit H," from the executor of deceased to the appellant, as evidence of a presentation and allowance of appellant's claim, and of estoppel against said executor to set up the statute of limitations or non-claim against appellant's cause of action. A sufficient answer to this assignment is that, under the issues presented for the consideration of the court at the trial, the testimony offered was immaterial; for it was on a subject foreign to the right of the appellant to foreclose his mortgage, which was the only question in issue. The same may be said of the second assignment, viz., the refusal of the court to admit in evidence the order directing notice to creditors; and the third, in refusing to admit in evidence the last will and testament of the deceased, as tending to show that the lands mentioned in the will were charged with the payment of appellant's claim, because, under the first cause of action stated in the complaint, no such claim was made. Neither was there any contention under the pleadings that the appellant was entitled to a personal or deficiency judgment of foreclosure, which is the fourth assignment of error. The fifth assignment, that the court erred in its conclusion that the sum of $3,033.34 is the amount due on said note and mortgage, seems to be without force, as that is the amount conceded to be due. What we have said in relation to the third assignment is applicable to the sixth, viz., that the court erred in refusing to find that the will of the deceased created an equitable lien upon the 522 acres of land therein

mentioned.    There is no claim that the court erred in
refusing the amendment to the complaint, which would
have put in issue the matters complained of by the assign-
ments, which, in the main, were the matters to which a
demurrer had been sustained by the court, and from which
an appeal had been taken to this court and dismissed, as
above noted.

The errors assigned, therefore, not falling within the
issues presented by the pleadings upon which the trial
was had, the judgment must be affirmed.

REAVIS, C. J., and FULLERTON, MOUNT, ANDERS,
WHITE and HADLEY, JJ., concur.